310 F. Supp. 798

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
MAR 23 1970
PATRICIA D. HOWARD
CLERK OF THE PANEL

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

MULTIDISTRICT CIVIL ACTIONS INVOLVING )
THE AIR CRASH DISASTER NEAR DAYTON, OHIO ) DOCKET NO. 38
ON MARCH 9, 1967 )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON,* WILLIAM H. BECKER, JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

This multidistrict litigation presently encompasses thirteen actions pending in three federal district courts.[1] They all result from a mid-air collision between a small private plane and a Trans World Airlines jetliner. All twenty-six persons aboard the two planes were killed.

On February 9, 1970 an order was directed to the parties to show cause why the actions listed on Schedule A should not be transferred to a single district for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407. Some of the parties declined to respond to the *show cause order* or to appear at the February 27, 1970 hearing in New York City

---

\*   Although Judge Robson did not attend the hearing he has with the consent of all parties participated in this decision.

1/   We were advised at the hearing that there are eleven related actions pending in state courts in Illinois.

but of those appearing, several plaintiffs and the Tann Company[2] opposed transfer under § 1407 while Trans World Airlines and the United States supported transfer.

None of the parties deny the existence of common questions of fact nor do any dispute the necessity for some type of coordinated or consolidated pretrial proceedings. Those opposing transfer under § 1407 assert that informal coordination of pretrial proceedings has been very satisfactory and has led to substantial discovery and resulted in many settlements. Those favoring transfer concede that cooperation between all counsel has generally been good and that pretrial proceedings have progressed rather smoothly but they urge that transfer for coordinated or consolidated pretrial proceedings under § 1407 would further promote the just and efficient conduct of these actions and would serve the parties and their witnesses by providing a *single forum* for the supervision and control of pretrial proceedings. Since discovery as to liability will not be completed in the immediate future we agree that transfer is appropriate at this time.

All agree that if there is to be a transfer, the Southern District of Ohio should be designated as the transferee court.

---

[2] The owner of the small aircraft involved in the collision.

We have consistently held that the district containing the situs of the crash is generally the most appropriate transferee district for litigation of this type. *In re Fairland, Indiana Air Disaster Litigation*, ___F.Supp.___ (JPML February 10, 1970) and the cases cited therein. In addition to the fact that the crash occurred in the Southern District of Ohio the vast majority of the pending actions were filed in or have been transferred to that district under 28 U.S.C. § 1404(a). All of these actions have been assigned to a single judge -- Chief Judge Carl A. Weinman. The transfer of the remaining actions to the Southern District of Ohio and their assignment to Chief Judge Weinman for coordinated or consolidated pretrial proceedings will insure that discovery which has already taken place will not be duplicated and that future pretrial proceedings will be conducted expeditiously and efficiently.

IT IS THEREFORE ORDERED that the actions listed on Schedule A pending in other districts are hereby transferred to the Southern District of Ohio, Dayton Division, and with the written consent of that court which has been filed with the Clerk of the Panel, they are hereby assigned to the Honorable Carl A. Weinman for coordinated or consolidated pretrial proceedings with the related actions now pending in that court.

DOCKET NO. 38                                            SCHEDULE A

## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| Vera F. Downey, etc. v. Trans World Airlines, Inc., et al. | Civil Action No. 3521 |
| Pittsburgh National Bank, etc. v. Trans World Airlines, Inc., et al. | Civil Action No. 3563 |
| Virginia Bauer, etc. v. United States of America | Civil Action No. 3640 |
| Dennis Charles Markley, etc. v. United States of America | Civil Action No. 3641 |
| Ethel A. Strobel, etc. v. United States of America | Civil Action No. 3639 |
| Sue A. Clough, etc. v. Tann Company | Civil Action No. 3656 |
| Joan G. Schaefer, etc. v. United States of America | Civil Action No. 3670 |
| Eliner M. Palmer, etc. v. Trans World Airlines, Inc., et al. | Civil Action No. 3777 |
| Julia E. Wilds, etc. v. United States of America | Civil Action No. 3782 |

## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Dorothy Burgstahler, etc. v. Trans World Airlines, Inc. | Civil Action No. 32039 |
| Eliner M. Palmer, etc. v. Herman Tann d/b/a Tann Company, et al. | Civil Action No. 30816 |
| Tann Company v. United States of America | Civil Action No. 32842 |

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| George H. Humphries, etc. v. United States of America | Civil Action No. 69 Civ 3023 |

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
JAN -8 1975
PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE MULTIDISTRICT CIVIL ACTIONS INVOLVING THE AIR
CRASH DISASTER NEAR DAYTON, OHIO, ON MARCH 9, 1967

| | |
|---|---|
| George H. Humphreys, etc. v. Herman Tann ) <br> d/b/a Tann Co., et al., (E.D. Michigan ) <br> C.A. No. 32421), S.D. Ohio, Civil Action ) <br> No. 3834ML(F) | DOCKET NO. 38 |

1/8/75

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III*, AND STANLEY A. WEIGEL*, JUDGES OF THE PANEL

PER CURIAM

The above-captioned action is one of several arising from a mid-air aircraft collision near Dayton, Ohio, on March 9, 1967. The actions in this litigation were transferred by the Panel to the Southern District of Ohio and assigned to the Honorable Carl A. Weinman for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. In re Multidistrict Civil Actions Involving the Air Crash Disaster Near Dayton, Ohio, on March 9, 1967, 310 F. Supp. 798 (J.P.M.L. 1970). Upon the suggestion of the transferee court, the Panel conditionally remanded the above-captioned action to the Eastern District of Michigan

---

\*   Although Judges Lord and Weigel were not present at the hearing, they have, with the consent of all parties, participated in this decision.

for further proceedings and trial. See R.P.J.P.M.L. 15(f), 53 F.R.D. 119 (1971), as amended 55 F.R.D. LI, LII-LIII (1972). Defendant Tann Co. opposes remand. On the basis of the transferee court's suggestion, the papers filed and the hearing held, we order this action remanded to the Eastern District of Michigan for further proceedings.

There have been extensive pretrial and trial proceedings in this litigation before Judge Weinman. And all of the actions comprising this litigation, except the Humphreys action, have now been either terminated in the transferee district or remanded to the appropriate transferor court. Nevertheless, defendant Tann opposes remand of this remaining action on the ground that pretrial proceedings in that action have not yet been completed. Defendant asserts that it has pretrial motions currently pending before the transferee court and that these motions should be decided by the transferee court.

The governing statute states that each action transferred by the Panel "shall be remanded by the [P]anel at or before the conclusion of such [coordinated or consolidated] pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." 28 U.S.C. §1407(a). Since the Humphreys action is the only action remaining in this litigation, we find that no purpose would be served by delaying remand of this action to the Eastern District of Michigan.

It is not contemplated that a Section 1407 transferee judge will necessarily complete all pretrial proceedings in all actions transferred and assigned to him by the Panel, but rather that the transferee judge in his discretion will conduct the common pretrial proceedings with respect to the various actions and any additional pretrial proceedings as he deems otherwise appropriate. Thus, in considering remand of this action, the Panel is greatly influenced by the transferee judge's suggestion that remand of the action is appropriate. Cf. In re Penn Central Commercial Paper Litigation, 358 F. Supp. 284 (J.P.M.L. 1973). His suggestion is obviously an indication that he perceives his role under Section 1407 to have ended.

Furthermore, the motions in the Humphreys action currently pending before the transferee court are of a nature unique to that action and their resolution does not require any particular expertise that the transferee judge might have gained from supervising this litigation. Accordingly, these motions can just as easily be presented to the transferor court for decision.

IT IS THEREFORE ORDERED that the action entitled George H. Humphreys, etc. v. Herman Tann d/b/a Tann Co., et al., (E.D. Michigan, C.A. No. 32421), S.D. Ohio, Civil Action No. 3834ML(F), be, and the same hereby is, REMANDED to the Eastern District of Michigan.